## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**JOHN COLLINS,**

      **Plaintiff,**

                                         **CIVIL ACTION NO.**   2:17-cv-03755

**v.**                                         **Nicholas County Civil Action No. 17-C-78**

**FIRST COMMUNITY BANK, NA**
**and WRIGHT NATIONAL FLOOD**
**INSURANCE COMPANY,**

      **Defendants.**

### NOTICE OF REMOVAL

      Comes now Defendant Wright National Flood Insurance Company ("Wright"), a Write-Your-Own Program ("WYO") insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] by counsel, pursuant to 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1441, and 1446, and with the consent of co-defendant First Community Bank, NA, files this Notice of Removal to remove this action from the Circuit Court of Nicholas County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, and in support of the same hereby states the following grounds for removal:

### OVERVIEW OF PLAINTIFF'S STATE COURT LAWSUIT

      1.    On or about June 28, 2017, Plaintiff John Collins ("Collins") instituted Civil Action No. 17-C-78 in the Circuit Court of Nicholas County, West Virginia against First

---

[1] 42 U.S.C. § 4001, et seq.
[2] *See* 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *see also Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596 (4th Cir. 2002).

Community Bank, NA ("First Community") and Wright National Flood Insurance Company ("Wright") alleging claims for damages from a flood that occurred on June 23, 2016 (the "flood event"). Complaint, at ¶ 4.

2.      At the time of the alleged flood event, Collins resided at 909 Powells Creek Road, Birch River, West Virginia 26610 (the "Property"). Wright issued a Standard Flood Insurance Policy ("SFIP"), Policy Number 47 1150767635 04 (the "Policy"), to Collins covering his Property. Complaint, at ¶ 6. A copy of the declarations page for the Policy is attached hereto as Exhibit A.

3.      Wright issued the SFIP to Collins with effective dates of October 31, 2015, to October 31, 2016, in its capacity as a WYO carrier participating in the United States Government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968, as amended,

4.      As alleged, on June 23, 2016, the Property sustained damages as a result of the flood event. Complaint, at ¶ 4.

5.      Collins alleges that Wright denied the claim because the first floor of Plaintiff's home was a basement, and therefore was excluded from coverage under the terms of the SFIP. Complaint, at ¶ 9.

6.      Wright was served through the West Virginia Secretary of State on July 6, 2017 and through its registered agent, CT Corporation System, on July 11, 2017.

7.      As of the date of this Notice of Removal, no defendant has filed a response to Plaintiff's lawsuit in the state court action.

8.      This Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446.

2

4849-2312-3276, v. 1

9.      Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), and the Local Rules of the Southern District of West Virginia, attached to this Notice of Removal is a copy of the Complaint filed in Plaintiff's state court lawsuit (Exhibit B), a copy of the summons received by Wright and CT Corporation System (Exhibit C), and a copy of the state court docket sheet (Exhibit D).

10.     Attached as Exhibit E is a copy of Wright's Notice of Filing Notice of Removal, which will be filed with the Circuit Court of Nicholas County, West Virginia, and served upon all counsel of record.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1441, as Plaintiff's state court lawsuit is located in this district and division.

## GROUNDS FOR REMOVAL

12.     The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. § 4001, *et seq.*

13.     Plaintiff's Complaint has raised a federal question in seeking relief under the NFIP and the SFIP.

14.     At all pertinent times, and pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA entered into arrangements with WYO companies (including Wright) to aid in FEMA's statutory duty to administer the NFIP.

15.     Wright participates in and issues SFIPs under the NFIP WYO Program.

16.     The SFIP is a federal regulation found at 44 C.F.R. Part 61, Appendix A(1) and is incorporated into the C.F.R. at 44 C.F.R. § 61.13(a).

17.     The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP

4849-2312-3276, v. 1

(including Wright) are all governed by federal law, not state law. *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 632 (4th Cir. 2017); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 607 (4th Cir. 2002); *Wright v. Director of FEMA*, 913 F.2d 1566, 1570–71 (11th Cir. 1990); *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979) (explaining that "[s]ince the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.").

18.     The relief that the Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Battle*, 288 F.3d at 600.

19.     The statutory scheme approved by Congress for flood insurance claims confers original exclusive jurisdiction upon the federal courts.  42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, **may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy**.

(emphasis added).

20.     In interpreting the application of 42 U.S.C. § 4072, courts have concluded that the federal district courts are bestowed with original exclusive subject-matter jurisdiction over flood loss claims against WYO companies. *Woodson*, 855 F.3d at 633-34 (holding that 42 U.S.C. §

4072, 44 C.F.R. § 62.22 and 44 C.F.R. pt. 61, app. A(1), art. VII(R) establish "that the action may be filed *only* in a U.S. District Court [and] that the U.S. District Court must be where the property is located"); *see also Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946–47 (6th Cir. 2002) (holding that the federal courts have "original exclusive jurisdiction"); *Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348, 1350–52 (11th Cir. 2000); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 167 (3d Cir. 1998).

21.     The language of 42 U.S.C. § 4072 precludes concurrent state court jurisdiction over NFIP claims, because state courts do not have jurisdiction over flood insurance claims under the NFIP.  *Woodson*, 855 F.3d at 633-34; *Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F. Supp. 2d 606, 620–21 (S.D. Miss. 2001) (*quoting Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 806 (S.D. Tex. 2000) ("'pursuant to statute, federal courts have exclusive jurisdiction over disputes arising under SFIPs [standard flood insurance policies], and, thus, jurisdiction is lacking in state court . . . .'") and *McCormick v. Travelers Ins. Co.*, 86 Cal. App. 4th 404, 412–20, 103 Cal. Rptr. 2d 258, 263–69 (2001) ("'we conclude that the federal courts have exclusive jurisdiction over all of the claims asserted . . . . whether the named defendant is the FEMA or a WYO insurer.'")); *Webb v. Aetna Ins. Co.*, 1997 WL 433500, at *3 (E.D. La. July 31, 1997) ("To find concurrent jurisdiction on the part of state courts over actions under SFIPs against WYO companies would be incompatible with the congressional will to have NFIP claims adjudicated in federal courts."); *see Hairston*, 232 F.3d at 1350–52 ("the only cases that we have found that interpret this language held that the language confined jurisdiction to the federal courts . . . .   Therefore we conclude that the language of the statute rebuts the presumption of concurrent jurisdiction."); *Smith-Pierre v. Fidelity Nat. Indem. Ins. Co.*, 2011

4849-2312-3276, v. 1

WL 3924178, at *4–5 (S.D. Fla. Sept. 7, 2011) ("Plaintiff was required to file suit in [federal court]" and filing suit "in state court was analogous to filing the case 'in [the plaintiff's] kitchen drawer'") (quoting *James v. Auto Owners Ins. Co.*, 1998 WL 914241, at *1 (S.D. Ga. Dec. 10, 1998)); *Gibson v. Am. Bankers Ins. Co.*, 91 F. Supp. 2d 1037, 1044 (E.D. Ky. 2000) (*aff'd* 289 F.3d 943) ("it is well established that Congress has clearly revoked jurisdiction from the state courts for all claim disputes arising from SFIPs issued under the NFIA").

22.     As this action arises out of a disputed flood insurance claim under the NFIP, this Court has original exclusive jurisdiction pursuant to 42 U.S.C. § 4072, which vests exclusive subject-matter jurisdiction in the United States District Court for the district in which the insured property is located, without regard to the amount in controversy.

23.     Mr. Collins' Property is located at 909 Powells Creek Road, Birch River, West Virginia.  Birch River is situated within the United States District Court for the Southern District of West Virginia, Charleston Division.

24.     As previously stated, claims under the SFIP are governed exclusively by federal law.  *Woodson*, 855 F.3d at 632; 44 C.F.R. pt. 61, app. A(1), art. IX.

25.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law.

26.     28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  Pursuant to 28 U.S.C. § 1446(b)(2)(A), counsel for Wright has conferred with counsel for First Community Bank, NA and confirmed that First Community consents to removal of this action.  By letter dated August 1, 2017, filed herewith as

6

Exhibit F, counsel for First Community Bank, NA confirmed that First Community Bank, NA consents to Wright's removal of the state court action to this Court. (Exhibit F).

27.     For the reasons stated herein, Wright has satisfied all procedural and statutory requirements to remove the instant action to this federal court.

WHEREFORE, pursuant to Fed. R. Civ. P. 81 and in accordance with 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1441, and 1446, Wright hereby gives notice that this action is removed from the Circuit Court of Nicholas County, Civil Action No. 17-C-78, to the United States District Court for the Southern District of West Virginia, Charleston Division.

Respectfully submitted,

**WRIGHT NATIONAL FLOOD
INSURANCE COMPANY**

**By Counsel**

*/s/ Sarah A. Walling*
Barbara J. Keefer, Esquire (WVSB # 1979)
Sarah A. Walling, Esquire (WVSB #11407)
**JENKINS FENSTERMAKER, PLLC**
325 8th Street (25701)
Post Office Box 2688 (25726)
Huntington, West Virginia 25726-2688
Phone:  (304) 523-2100
Fax:  (304) 523-2347

4849-2312-3276, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**JOHN COLLINS,**

       **Plaintiff,**

                                    **CIVIL ACTION NO.    2:17-cv-03755**

**v.**                            **Nicholas County Civil Action No. 17-C-78**

**FIRST COMMUNITY BANK, NA**
**and WRIGHT NATIONAL FLOOD**
**INSURANCE COMPANY,**

       **Defendants.**

## CERTIFICATE OF SERVICE

I, Sarah A. Walling, Counsel for Defendant Wright National Flood Insurance Company, hereby certify that I electronically filed the ***Notice of Removal*** by using the CM/ECF system. A copy of the foregoing was sent to the following counsel via U.S. Mail, postage prepaid, in an envelope addressed to the following counsel of record on this 4th day of August, 2017:

Anthony M. Salvatore, Esquire
HEWITT & SALVATORE, PLLC
204 North Court Street
Fayetteville, WV 25840

                                            */s/ Sarah A. Walling*
                                            Barbara J. Keefer, Esquire (WVSB # 1979)
                                            Sarah A. Walling, Esquire (WVSB #11407)

**JENKINS FENSTERMAKER, PLLC**
325 8th Street (25701)
Post Office Box 2688 (25726)
Huntington, West Virginia  25726-2688

8

4849-2312-3276, v. 1