UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

JOHN COLLINS,

    Plaintiff,

v.                                   Civil action no. 2:17-cv-03755

FIRST COMMUNITY BANK, NA,
and WRIGHT NATIONAL FLOOD
INSURANCE COMPANY

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss plaintiff's claims for negligence, bad faith, consequential damages, attorney's fees and costs, and other damages, filed by defendant Wright National Flood Insurance Company on August 11, 2017.

## I. Introduction

This civil action arises from a flood that occurred on June 23, 2016, causing damage to plaintiff John Collins' home. Compl. ¶ 4. At the time of the flood, plaintiff's home was insured with a "home owners/flood policy" from defendant Wright National Flood Insurance ("Wright") that had been selected by defendant First Community Bank, NA ("First Community"). See Id. at ¶ 6. Plaintiff alleges that Wright wrongfully denied his insurance claim for damage to the first floor of his home as a

result of the flood.  Id. at ¶ 8.  Mr. Collins maintains that First Community "negligently failed to secure a policy which adequately covered plaintiff's home and collateral."  Id. at ¶ 11.  He further asserts that Wright "failed to properly insure the risk of loss," engaged in bad faith, and breached the insurance contract by failing to pay damages.  Id. at ¶¶ 12, 16-17.  Based on these allegations, Mr. Collins seeks damages for repairs, clean up, and lost contents; expenses for displacement; annoyance, aggravation, inconvenience, and loss of use compensation; bad faith and compensatory damages; attorney's fees, court costs, and all other relief to which he is entitled.  Id. at p. 3.

On June 28, 2017, Mr. Collins brought this suit in the Circuit Court of Nicholas County, West Virginia.  With the consent of First Community, Wright timely removed the action to this court on August 4, 2017.  Wright invokes this court's federal question jurisdiction over the complaint because the insurance policy in question is a Standard Flood Insurance Policy issued by a Write-Your-Own Program insurance carrier as part of the United States Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended.  Notice of Removal p. 1, ¶ 2; 42 U.S.C. § 4001, et seq.; see 44 C.F.R. § 62.23(f).

Wright moves to dismiss plaintiff's claims for "negligence, bad faith, consequential damages including relief for displacement, loss of use, annoyance, aggravation and inconvenience, attorney's fees and costs, and other damages pursuant to state law" under Fed. R. Civ. P. 12(b)(6). Def.'s Mot. Dismiss at 1-2. These state law claims, Wright asserts, are "preempted and barred under federal statutory, regulatory, and common law." Id. at 2. Wright does not, at this time, seek to dismiss plaintiff's claim for breach of contract under the Standard Flood Insurance Policy. Def.'s Reply at 2.

## II. Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Correspondingly, Rule 12(b)(6) provides that a pleading may be dismissed for a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521

F.3d 298, 302 (4th Cir. 2008)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555).

A district court's evaluation of a motion to dismiss is underlain by two principles. First, when considering a motion to dismiss, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citations omitted). In doing so, factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must

4

"draw[] all reasonable factual inferences . . . in the [nonmovant's] favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) ("[T]he complaint is to be liberally construed in favor of plaintiff.").

III. Analysis

"The Federal Emergency Management Agency (FEMA) provides flood insurance under the terms of the [NFIA]." 44 C.F.R. pt. 61 app. A(1), art I. Standard Flood Insurance Policies "and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the [NFIA], and federal common law." 44 C.F.R. pt. 61 app. A(1), art. IX. "Federal law exclusively governs claims made on policies issued under the [NFIP] and . . . disputes arising out of the handling of those claims, thus preempting state law." Woodson v. Allstate Ins. Co., 855 F.3d 628, 631 (4th Cir. 2017). Courts have consistently held that there is no basis for the recovery of any state law claim in cases arising from a dispute under the NFIP. Id. at 637 ("It is not surprising . . . that every other circuit to have considered this issue has concluded that state-law claims against write-your-own insurance providers are preempted by federal law."); see e.g., Gallup v. Omaha Prop. & Cas. Ins.

Co., 434 F.3d 341, 344-45 (5th Cir. 2005); Wright v. Allstate Ins. Co., 415 F.3d 384, 389-90 (5th Cir. 2005); C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co., 386 F.3d 263, 268-72 (3d Cir. 2004); Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004); Gibson v. Am. Bankers Ins. Co., 289 F.3d 943, 948-50 (6th Cir. 2002).

Recovery under a Standard Flood Insurance Policy is limited to costs for repairing or replacing property damaged by "direct physical loss by or from flood," debris removal, loss avoidance measures, and increased cost of compliance with a state or local floodplan. 44 C.F.R. pt. 61, app A(1), art. III. The NFIA permits policyholders to bring suit against insurers for amounts due under the insurance contract. 42 U.S.C. § 4072; see Wright v. Allstate Ins. Co., 500 F.3d 390, 394 (5th Cir. 2007). Consequential damages, including attorney's fees, are not the type of loss that is insured under the NFIP and are not recoverable in a suit based on a breach of a Standard Flood Insurance Policy. See Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 139 (1st Cir. 1984); Moffett v. Computer Scis. Corp., 457 F. Supp. 2d 571, 589 (D. Md. 2006).

The overwhelming weight of authority indicates that Mr. Collins' state law claims are entirely preempted by federal law. Furthermore, his recovery for his breach of contract claim is limited to the relief allowed under the Standard Flood Insurance Plan, and he cannot seek additional damages for displacement, loss of use, annoyance, aggravation and inconvenience, attorney's fees and costs, and other such damages.

IV. Conclusion

Based upon the foregoing discussion, it is ORDERED that the defendant's motion to dismiss plaintiff's claims for negligence, bad faith, consequential damages, attorney's fees and costs, and any damages other than the relief allowed under the Standard Flood Insurance Policy be, and hereby is, granted.

The Clerk is directed to transmit copies of this written opinion and order to counsel of record and any unrepresented parties.

ENTER: March 19, 2018

John T. Copenhaver, Jr.
United States District Judge